IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00645-RBJ-KMT

ESTATE OF MARVIN L. BOOKER,
REVEREND B.R. BOOKER, SR. and
ROXEY A. WALTON, as Co-Personal Representatives,

     Plaintiffs,
v.

CITY AND COUNTY OF DENVER;
DEPUTY FAUN GOMEZ, individually and in her official capacity;
DEPUTY JAMES GRIMES, individually and in his official capacity;
DEPUTY KYLE SHARP, individually and in his official capacity;
DEPUTY KENNETH ROBINETTE, individually and in his official capacity; and
SERGEANT CARRIE RODRIGUEZ, individually and in her official capacity.

     Defendants.

## PROTECTIVE ORDER

1.  In this action, at least one of the Parties has sought and/or may seek CONFIDENTIAL Information, including Protected Health Information. "CONFIDENTIAL Information" and "Protected Health Information" are defined in paragraphs 7, 8 and 9 below.

2.  The Parties anticipate that some of the CONFIDENTIAL Information may, but not necessarily would, lead to questioning concerning CONFIDENTIAL Information and Protected Health Information in the course of depositions.

3.  The Parties assert the disclosure of CONFIDENTIAL Information and Protected Health Information could result in significant injury to one or more of the Parties' business or privacy interests, the patient(s) identified in the protected health records, and/or violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

4. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure of CONFIDENTIAL Information and Protected Health Information to any person or entity not subject to this litigation and prohibiting the Parties from using the CONFIDENTIAL Information and Protected Health Information for any purpose other than this litigation, except as set forth herein.

5. The Parties agree that this Stipulation and Protective Order does not constitute a waiver by any party as to whether any CONFIDENTIAL Information or Protective Health Information is discoverable, but rather is a mechanism by which CONFIDENTIAL Information and Protected Health Information that is disclosed is prevented from being used for any purpose outside of this litigation by any Party.

6. This Protective Order shall apply to all documents, files or portions of files, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

7. "CONFIDENTIAL Information," including but not limited to "Protected Health Information," means any document, record, files or portions of files, material, electronically stored information, transcribed testimony, or responses to discovery requests, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraphs 11, 12 and 13 below as containing CONFIDENTIAL Information and/or Protected Health Information.

8. "CONFIDENTIAL Information" includes, but is not limited to, information that is CONFIDENTIAL and implicates common law and statutory privacy interests of the Plaintiffs and the Defendants in this matter, including current and former employees of the City and County of Denver. *See e.g.*; *Everitt v. Brezzel*, 750 F. Supp. 1063 (D. Colo. 1990). "CONFIDENTIAL Information" includes, but is not limited to:

    a.    Medical records and/or "Protected Health Information";

    b.    The Parties and/or their representatives' personnel/employment files;

    b.    Select portions of internal affairs investigation files; and

    c.    Personal financial, tax and identification information of the Parties.

9. "Protected Health Information" includes, but is not limited to, a patient's name, address, birth date, admission date, discharge date, date of death, telephone number, fax number, e-mail address, social security number, medical records number, insurance plan information, account number, certificate/license number, vehicle identifier and license number, device identifier and serial number, URL, IP address number, biometric identifier including voice and finger prints, photographs, and any other unique identifying number, characteristic or code.

10. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

11. Documents containing "CONFIDENTIAL Information," including "Protected Health Information," are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any information designated a Party as "CONFIDENTIAL" will first be

reviewed by that Party's attorney. In designating any material as "CONFIDENTIAL," the designating Party's attorney is certifying that the designation is based on a good faith belief that the information is CONFIDENTIAL or otherwise entitled to protection under Fed.R.Civ.P. 26(c)(7).

12. Responses to discovery requests are designated as CONFIDENTIAL by imprinting the word "CONFIDENTIAL" next to or above the response.

13. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, those portions of the deposition involving CONFIDENTIAL Information shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Admissibility of the designated CONFIDENTIAL Information will be reserved for and addressed at trial.

14. Individuals authorized to review CONFIDENTIAL Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold CONFIDENTIAL Information in confidence and shall not divulge the CONFIDENTIAL Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order. CONFIDENTIAL Information shall not be disclosed, revealed, leaked to the media (inadvertently or otherwise), or used for any purpose except the preparation and trial of this case. CONFIDENTIAL Information shall not be communicated by any Party's counsel or a Party in any manner, either directly or

indirectly, to anyone, except for purposes of this case, and unless such person is directly associated in prosecuting or defending this case or is a witness, deponent, expert or other individual involved and has signed a Written Acknowledgement of receipt of this Protective Order in the form of Exhibit A. These restrictions shall be strictly construed.

15. CONFIDENTIAL Information may be disclosed to the following, provided that these persons comply with the terms of this Protective Order, and are not involved with or connected to the media:

    a. attorneys actively working on this case and their support staff;

    b. the Parties and designated representatives for the entity Defendants and their respective employees and agents;

    c. expert witnesses and consultants retained in connection with this proceeding and their staffs, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    d. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    e. deponents; and

    f. other persons by written agreement of the Parties.

The Parties, their attorneys and support staff, and stenographic reporters shall not be required to complete Written Acknowledgements as set forth in paragraph 14.

16. The Party's counsel who discloses CONFIDENTIAL Information shall send to the recipient of the information a copy of the Protective Order and obtain a Written Acknowledgement from the recipient that he/she has reviewed and will abide by the terms of

the Protective Order. The subject Party's counsel shall maintain a list of all persons to whom any CONFIDENTIAL Information is disclosed, the date of any such disclosure, and retain the Written Acknowledgements.

17. During the pendency of this action, opposing counsel may upon Court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 16 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of CONFIDENTIAL Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms conditions deemed appropriate by the Court. To the extent that such a challenge arises prior to the Parties' expert disclosures, the names of the experts to whom documents were sent will not need to be disclosed, unless the Court orders such disclosures, and then the names will be disclosed to the Court only, *in camera*.

18. No copies of CONFIDENTIAL Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

19. A Party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject

to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

20. In the event it is necessary for the Parties to file CONFIDENTIAL Information with the Court in connection with any proceeding or motion, the CONFIDENTIAL Information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R **7.2**.

21. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL Information pursuant to this Protective Order, and the terms and requirements of this Protective Order shall survive the termination of this action.

22. **PARTIALLY DISPUTED PROVISION -** Upon termination of this litigation, counsel shall be responsible for retrieving any and all copies which they have caused to be made of CONFIDENTIAL Information and have disclosed to those persons identified paragraph 15, and shall either destroy such copies or return such copies to the providing party. Counsel may retain a single set of CONFIDENTIAL Information for a period of no more than three years from the conclusion of the litigation at which time the CONFIDENTIAL Information shall either be returned or destroyed.

23. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of document produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

24. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL Information shall be treated at trial.

25. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and the opportunity for them to be heard.

**SO ORDERED** this 4th day of November, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

# WRITTEN ACKNOWLEDGEMENT

1. I, _____, received a copy of and read the Stipulation and Protective Order in *Estate of Marvin L. Booker, et al. v. City and County of Denver, et al.,* Civil Action No. 11-cv-00645-RBJ-KMT, a copy of which is attached to this Acknowledgement and agree to abide by the terms of said Stipulation and Protective Order.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are CONFIDENTIAL Information as defined in the Stipulation and Protective Order.

3. I have not and will not divulge, or undertake to divulge to any person or recording device, any CONFIDENTIAL Information shown or told to me except as authorized in the Stipulation and Protective Order. I will not use the CONFIDENTIAL Information for any purpose other than this litigation.

_____
(Signature)

_____
(Print or Type Name)
Address:

_____

_____
Telephone No.: (\_\_\_\_\_) _____
Date:_____