IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00645–RBJ–KMT


ESTATE OF MARVIN L. BOOKER,
REVEREND B.R. BOOKER, SR., and
ROXEY A. WALTON, as Co-Personal Representatives,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
DEPUTY FAUN GOMEZ, individually and in her official capacity,
DEPUTY JAMES GRIMES, individually and in his official capacity,
DEPUTY KYLE SHARP, individually and in his official capacity,
SERGEANT CARRIE RODRIGUEZ, individually and in her official capacity,
DENVER HEALTH AND HOSPITAL AUTHORITY d/b/a DENVER HEALTH MEDICAL
CENTER,
GAIL GEORGE, R.N., individually and in her official capacity, and
SUSAN CRYER, R.N., individually and in her official capacity,

      Defendants.

---

## ORDER

---

      This matter is before the court on "Medical Defendants' Motion for Protective Order to
Stay Discovery Directed Towards Them Pending Resolution of Motion to Dismiss and Immunity
Defenses" (Doc. No. 63 [Mot], filed February 7, 2012). Plaintiffs filed their response on March
1, 2012 (Doc. No. 70 [Resp.]), and the Medical Defendants filed their reply on March 15, 2012
(Doc. No. 72 [Reply]). The motion is ripe for ruling.

Plaintiffs' original Complaint was filed in state court on February 24, 2011, and then removed to this Court. Plaintiffs initially sued only the City and County of Denver and five Sheriff Deputies (collectively the "Law Enforcement Defendants") based upon the death of Marvin Booker on July 9, 2010, following a security struggle between Mr. Booker and the Deputies while Mr. Booker was in custody at the City's Van Cise-Simonet Detention Center (the "Jail").

Plaintiffs' Amended Complaint, filed October 10, 2011, joined the Medical Defendants. The Medical Defendants have moved to dismiss all claims against them on various grounds, including immunity under the Colorado Governmental Immunity Act ("CGIA") with respect to all state law claims, qualified immunity of Nurse George and Nurse Cryer with respect to all federal law claims, and failure to state a claim upon which relief can be granted. Alternatively, Nurse George and Nurse Cryer have moved for partial summary judgment as to all federal law claims, on the basis of qualified immunity. The Medical Defendants now seek a stay of all discovery pending resolution of the Motion to Dismiss, which is fully briefed.

## STAYS DUE TO IMMUNITY PROVISIONS

It is true that, immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman*, 958 F.2d at 335 (citing *Harlow*, 457 U.S. at 817–18) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens

2

of litigation, including far-ranging discovery).  However, invocation of the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero,* 255 F.R.D. 640, 643 (D. Colo. 2004). Instead, "it is essential to recognize that because the defense of qualified immunity is limited to particular claims against particular individuals, the corresponding protection against burdensome discovery is also limited.  The defense is available only to individual government officials, not governmental entities." *Id.*

The individual Medical Defendants in this case assert an entitlement to qualified immunity on Plaintiffs' federal law claims.  (*See* Doc. No. 53 at 13–17.)  The pending Motion to Dismiss and Alternative Motion for Summary Judgment could fully dispose of Plaintiffs' federal claims.  Under these circumstances, the court concludes that a temporary stay of discovery is appropriate with respect to that directed to the individual Medical Defendants on the federal claims.

Additionally, the Medical Defendants claim they are entitled to sovereign immunity on Plaintiffs' state law claims based upon the CGIA.  (*See id.* at 20–21.)  Defendants cite Colo. Rev. Stat. § 24-10-108 of the Act for the proposition that discovery should be suspended upon the assertion of immunity under the statute.  (*See* Mot. At 3.)  Specifically, the statute states, in pertinent part:  "If a public entity raises the issue of sovereign immunity prior to or after the commencement of discovery, the court shall suspend discovery, except any discovery necessary to decide the issue of sovereign immunity, and shall decide such issue on motion." Colo. Rev. Stat. § 24-10-108.  Interpreting this statute, the Colorado Supreme Court has emphasized the importance of resolving the immunity question prior to trial (i.e., in a motion to dismiss pursuant

3

to Rule 12(b)) and promotes a procedure "that courts must use to resolve issues of immunity [which] includes discovery, ruling without hearings, and affording parties the opportunity to request Trinity hearings." *Finnie v. Jefferson Cnty. Sch. Dist. R-1*, 79 P.3d 1253, 1260 (Colo. 2003).

In this case, discovery commenced upon the issuance of the Scheduling Order in June 2011. (Doc. No. 21.) However, Plaintiffs amended their complaint to add the Medical Defendants after the Scheduling Conference, on October 4, 2011 (Doc. No. 36), and the Medical Defendants filed their Motion to Dismiss and Alternative Motion for Summary Judgment shortly thereafter, on December 9, 2011 (Doc. No. 53). Based upon a review of the statute and case law interpreting it, this court concludes that the proper procedure is to stay discovery as to those claims against which the Medical Defendants assert CGIA immunity in their Rule 12(b) motion, and for the court to determine from the briefing whether further discovery is necessary to resolve issues of immunity.

Plaintiffs have not argued in either their response to the Motion to Stay or their response to the Motion to Dismiss and Alternative Motion for Summary Judgment that discovery is necessary to resolve immunity issues. Rather, Plaintiffs argue that it is impractical to attempt to separate discovery on the federal law claims from discovery on the state law claims. (Resp. at 12.) However, this court has already determined above that a stay of discovery is appropriate as to the federal law claims against the individual Medical Defendants based on their assertion of qualified immunity. Thus, absent an argument or a finding that further discovery is necessary to resolve immunity issues, the court finds discovery appropriately is stayed as to Plaintiffs' state

law claims until such time as the court determines discovery may be necessary to resolve the immunity claims or otherwise rules on the Motion to Dismiss and Alternative Motion for Summary Judgment.

## STAYS ABSENT IMMUNITY PROVISION

The court notes that Defendant Denver Health and Hospital Authority ("Denver Health") is not able to assert the defense of qualified immunity. *See Owen v. City of Independence*, 445 U.S. 622, 654, 657, (1980). As such, the court must determine whether to impose a temporary stay of discovery on the federal claims against this Defendant.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02–CV–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed.R.Civ.P. 26(c). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936) (citing *Kansas City S. Ry. Co. v. United*

*States*, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of this court's discretion.  *Id.*

Here, Plaintiffs assert an interest in proceeding expeditiously to obtain a sense of closure with respect to this event.  (Resp. at 5.)  Plaintiffs further assert they will be seriously prejudiced by a stay that may cause a loss of the already-set January 2013 trial date.  (*Id.*)  On the other hand, the Medical Defendants argue that it would be a grave injustice to subject Denver Health to the expense of intensive discovery before the court rules on the pending Motion to Dismiss, due to what the Medical Defendants characterize as the general "weakness of *all* of Plaintiff's claims against the Medical Defendants."  (*Id.*)  The Medical Defendants also argue that discovery is in the early stages and that case deadlines have already been delayed because of Plaintiffs' decision to amend their complaint and join the Medical Defendants.  (*Id.* at 6.)  The Medical Defendants argue that discovery regarding claims against Denver Health is inextricably intertwined with discovery regarding claims against the individual medical defendants, and that it would be inappropriate and burdensome to allow partial discovery as to some claims against Denver Health while staying all other discovery against the Medical Defendants.  (*Id.* at 6.) Finally, the Medical Defendants argue that if the Motion to Dismiss and Alternative Motion for Summary Judgment  is granted, it would resolve all claims against the Medical Defendants, obviating the need for any discovery.  (*Id.* at 7.)  Recognizing that Plaintiffs have an interest in proceeding in an expeditious manner, this court agrees that it would be overly burdensome to require Denver Health to proceed with discovery in a "piecemeal fashion." *String Cheese Incident*, 2006 WL 894955, at *2.

6

Moreover, the court finds that allowing discovery to continue in this matter against Denver Health would not serve the interests of judicial economy and efficiency.  In fact, the court notes that neither its nor the parties' time is well-served by being involved in a "struggle over the substance of suit" when, as here, a fully dispositive motion as to the Medical Defendants is pending.  *See Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07–7047, 2007 WL 4165397, at *2 (D.C. Cir. Nov. 27, 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.' " (citations omitted)).  Accordingly, the court finds that the burden and prejudice on the Medical Defendants, as well as the convenience to the court, outweighs any potential prejudice to the Plaintiffs in staying discovery on all claims against the Medical Defendants.

Consideration of the remaining *String Cheese Incident* factors does not tip the balance either way.  In light of the governing case law as stated herein, the court concludes that a stay of discovery as to the Medical Defendants is appropriate in this matter, pending resolution of the Motion to Dismiss and Alternative Motion for Summary Judgment.

WHEREFORE, for the foregoing reasons, it is

ORDERED that the "Medical Defendants' Motion for Protective Order to Stay Discovery Directed Towards Them Pending Resolution of Motion to Dismiss and Immunity Defenses"

7

(Doc. No. 63) is GRANTED.  All discovery as to the Medical Defendants is STAYED pending resolution of the Motion to Dismiss and Alternative Motion for Summary Judgment.

Dated this 20th day of June, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge