IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00645–RBJ–KMT

ESTATE OF MARVIN L. BOOKER,
REVEREND B.R. BOOKER, SR., and
ROXEY A. WALTON, as Co-Personal Representatives,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
DEPUTY FAUN GOMEZ, individually and in her official capacity,
DEPUTY JAMES GRIMES, individually and in his official capacity,
DEPUTY KYLE SHARP, individually and in his official capacity,
SERGEANT CARRIE RODRIGUEZ, individually and in her official capacity,
DENVER HEALTH AND HOSPITAL AUTHORITY d/b/a DENVER HEALTH MEDICAL CENTER,
GAIL GEORGE, R.N., individually and in her official capacity, and
SUSAN CRYER, R.N., individually and in her official capacity,

      Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiffs' "Motion to Compel Discovery Against Law Enforcement Defendants" [Doc. No. 77] with respect to a specifically reserved argument concerning the applicability of the attorney client privilege to several email transmissions discussed more fully during the hearing on this motion on July 9, 2012. Unredacted versions of

the questioned emails were submitted to the court on July 10, 2012 [restricted Doc. No. 92] Having reviewed the submissions in camera the court finds as follows.

The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *In re Qwest, Communications Intern. Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). The attorney-client privilege protects from discovery communications made in confidence between the client and the attorney. *EEOC v. Outback Steakhouse of Florida*, 251 F.R.D. 603, 610 (D. Colo. 2008). "The lawyer-client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." *Horton v. United States*, 204 F.R.D. 670, 672 (D. Colo. 2002) (quoting *In re Bieter Co.*, 16 F.3d 929, 937-38 (8th Cir. 1994). In order to be covered by the attorney-client privilege, a communication between a lawyer and client must relate to legal advice or strategy sought by the client. *United States v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998); *In the Matter of Grand Jury Subpoena*, 697 F.2d 277, 278 (10th Cir. 1983).

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co.*, 449 U.S. at 389. The party seeking to invoke the attorney-client privilege bears the burden of establishing its applicability and the lack of waiver of any privilege. *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999). *See also United States v. Phelan*, 3 Fed. App'x 716, 718 (10th Cir. 2001).

In federal court, the law controlling determination of privilege issues depends upon the dictates of Rule 501 of the Federal Rules of Evidence. Rule 501 states

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

*Id.*

Federal common law with respect to privilege governs this conflict. Under federal common law, the attorney-client privilege arises (1) where legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal advisor; (8) unless the protection is waived. *See Williams v. Sprint/United Management Co.*, No. 03-2200-JWL-DJW, 2006 WL 266599, at *2 (D. Kan. Feb. 1, 2006).

Generally, disclosing attorney-client communications to a third party results in a waiver of the attorney-client privilege. *See In re: M & L Business Machine Co., Inc.*, 161 B.R. 689, 693 (D. Colo. 1993) ("the attorney-client privilege is lost if the substance of the confidential communication is disclosed to a third party. . . ."); *Sedillos v. Board of Education of School Dist. No. 1*, 313 F. Supp. 2d 1091, 1093 (D. Colo. 2004) ("the attorney-client privilege can be waived

by [a]ny voluntary disclosure by the client of an otherwise privileged confidential communication").

There are, however, several exemptions to the waiver doctrine. The attorney-client privilege can extend to communications between representatives of the client or between the client and a representative of the client, if the communication was made in confidence for the primary purpose of obtaining legal advice. *Austin v. Denver ex rel. Board of Water Com'rs,* 05-cv-01313-PSF-CBS, 2006 WL 1409543, at *4 -5 (D. Colo. May 19, 2006); *Williams,* 2006 WL 266599, at *3. The "*sine qua non* for invocation of the privilege is that the communications in question were intended to be confidential." *Gottlieb v. Wiles*, 143 F.R.D. 241, 249 (D. Colo. 1992) (citing *United States v. Rockwell Intern.*, 897 F.2d 1255, 1265 (3d Cir. 1990)); *Bethel v. U.S. ex rel Veterans Admin. Medical Center*, 55-cv-01336-PSF-KLM, 2008 WL 45382, at *7 -8 (D. Colo. Jan. 2, 2008). The presence of a third party will not destroy the attorney-client privilege if the third party is the attorney's or client's agent or possesses commonality of interest with the client. *See, e.g., Weatherford v. Bursey*, 429 U.S. 545, 554 (1977) (finding that attorney-client communications in the presence of a third party not the agent of either are generally not protected by privilege); *Bethel, id.*

Further, the application of the attorney-client privilege presents certain problems in the context of an entity as client. While the attorney-client privilege applies to corporations and other entities, an entity cannot speak directly to its lawyers. *See Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981). Because "a corporation can only act through its officers, directors, agents, and employees, [ ] communications between corporate counsel and company personnel

are privileged so long as they concern matters within the scope of the employees' corporate duties." *Shriver v. Baskin–Robbins Ice Cream Co., Inc.*, 145 F.R.D. 112, 114 (D. Colo. 1992). "Such privileged communications remain privileged even when a corporate agent shares the communication with another agent charged with acting on such issues." *Ryskamp ex rel. Boulder Growth & Income Fund v. Looney*, Case No. 10-cv-00842-WJM-KLM, 2011 WL 3861437, *4 (D. Colo. September 1, 2011).

As concerns the documents at issue before the court, Ashley Kilroy, Deputy Manager of Safety for the City and County of Denver, shared advice and counsel she received from at least one, and possibly two, attorneys representing the City and County of Denver, with Nita Henry of the Career Services Authority Board serving as the human resources department for the City and County of Denver. (Defendants' Opposition to Plaintiffs' Motion to Compel [Doc. No 82] at 11.) Both Ms. Kilroy and Ms. Henry are claimed to be members of the decision making group with respect to issues arising out of the Booker incident. (*Id*.) Therefore, *Ryskamp* is applicable.

The Court has reviewed, in camera, the two email documents in both redacted and unredacted form that the Defendant is attempting to discover. The redacted versions are identified as "Denver.Booker 02070" and "Denver.Booker 02077." The redaction in "Denver.Booker 02077" involves direct communication between Ms. Kilroy and Karla Pierce, an attorney for the City and County of Denver. I find that said communication clearly fits the designation of attorney-client privileged material, that the attorney-client privilege as to that communication has not been waived and therefore such redaction is proper and Plaintiffs are not entitled to this production. "Denver.Booker 02070" involves communication between Ms.

Kilroy and Ms. Henry as described above. After reviewing the unredacted version of the email, I find that it does contain information subject to the attorney-client privilege, that the information was shared between two employees of the client entity and that the privilege was not waived as to this sharing. The information was therefore properly redacted.

The Plaintiffs' Motion to Compel Discovery Against Law Enforcement Defendants [Doc. No. 77] is therefore DENIED with respect to the request that these documents be produced without redaction to the Plaintiffs.

Dated this 12th day of July, 2012.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge