IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-00645-RBJ

ESTATE OF MARVIN L. BOOKER,
REVEREND B.R. BOOKERS, SR, and
ROXEY A. WALTON, as Co-Personal Representative,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER;
DEPUTY FAUN GOMEZ, individually and in her official capacity,
DEPUTY JAMES GRIMES, individually and in his official capacity,
DEPUTY KYLE SHARP, individually and in his official capacity,
DEPUTY KENNETH ROBINETTE, individually and in his official capacity, and
SERGEANT CARRIE RODRIGUEZ, individually and in her official capacity;
DENVER HEALTH AND HOSPITAL AUTHORITY d/b/a DENVER HEALTH  MEDICAL
CENTER;
GAIL GEORGE, R.N., individually and in her official capacity, and
SUSAN CRYER, R.N., individually and in her official capacity,

      Defendants.

---

## ORDER

---

      This case is before the Court on (1) Medical Defendants' Motion to Dismiss Amended

Complaint for Lack of Jurisdiction and Failure to State a Claim and Alternative Motion of

Defendants George and Cryer for Partial Summary Judgment on Qualified Immunity [docket

#53]; (2) Plaintiff's Objection to Magistrate's Order Granting Medical Defendants' Motion for

Protective Order to Stay Discovery Towards Them Pending Resolution of Motion to Dismiss and

Immunity Defenses [#90]; and (3) Plaintiffs' Objection to Magistrate's Order Denying Plaintiffs'

Motion to Compel Production of Medical Record Addenda to Use of Force Reports [#96].  In

addition, the Court addresses certain other pending motions that are not yet ripe.

**Facts**

Briefly, this case arises from an incident that occurred in the Van Cise-Simonet Detention Center, also known as the Denver jail, on July 9, 2010.  The plaintiff, Marvin L. Booker, was arrested and taken to the jail that day.  For reasons that are disputed and essentially irrelevant to the pending matters, Sheriff deputies believed that Mr. Booker was behaving improperly and used physical force and a Taser to subdue him.  He was then taken to a holding cell.  Shortly thereafter an officer noticed that Mr. Booker did not appear to be breathing and summoned a nurse.  The nurse started cardiopulmonary resuscitation and summoned emergency responders., but Mr. Booker died.

This suit, brought on behalf of his estate and asserting a variety of constitutional and common law claims, originally named the City and County of Denver and five deputies as defendants, complaining both about the "homicide" and about what plaintiffs contend was a "cover-up" that followed Mr. Booker's death.  [#2].  However, in an Amended Complaint [#36], plaintiffs also joined the Denver Health and Hospital Authority and two nurses as additional defendants, again asserting several constitutional and common law theories which at bottom add up to the contention that the nurses observed the use of force but wrongfully left the scene without providing necessary medical attention.

**Conclusions**

**Medical Defendants' Motion to Dismiss [#53]: DENIED AS MOOT.**

This motion attempts to combine a motion to dismiss and, alternatively, a motion for summary judgment.  Unfortunately, the Court was not able to address it before the medical defendants filed a motion for summary judgment that repeats much of the earlier motion [#98].  The summary judgment motion is not yet ripe, and the Court will address the issues when it rules

on the summary judgment motion.  The Court restricts defendants' yet-to-be filed reply to a maximum of ten pages.

**Objection to Magistrate's Order Granting Medical Defendants' Motion for Protective Order [#90]: DENIED.**

The motion for a protective order [#63] asked that the Court stay discovery pending resolution of the motion to dismiss [#53].  The latter motion has now been resolved but only in the sense that it was rendered moot by the same defendants' filing of a motion for summary judgment [#98].  Plaintiffs have responded to the summary judgment motion with a 65-page response supported by 26 exhibits containing 229 pages of documents.  The issue on summary judgment is whether there is a genuine issue of material fact in dispute.  Plaintiffs' extensive response either will demonstrate that or it will not.  The standard of review of a magistrate judge's order on a non-dispositive motion, such as this motion for protective order, is whether the order is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  The Court finds no such error.

**Objection to Magistrate's Order Denying Plaintiffs' Motion to Compel Production of Medical Record Addenda to Use of Force Reports [#96]: DENIED.**

The issue is whether defendants must produce medical records that were appended to 23 "Use of Force" reports.  These records concern medical examinations and treatment of any injuries sustained by Sheriff deputies and inmates during use of force incidents.  Apparently none of these records concerns the incident involved in this case or any of the deputies who have been named as defendants in this case.  The magistrate judge addressed this dispute, among others, in a hearing conducted a hearing on July 9, 2012 on plaintiffs' motion to compel discovery [#77].  She declined to order production of these medical records but granted leave to

the plaintiffs to submit supplemental briefing in support of a motion for reconsideration. *See* Minute Order [# 93] at 2. Plaintiffs apparently did not seek reconsideration. Instead, plaintiffs appeal to this Court and argue that the magistrate judge incorrectly determined that production of these records was precluded by the Health Insurance Portability and Accountability Act of 1996, ("HIPAA"). Plaintiffs cite regulations which indicate that, even if the information is protected by HIPPA (which plaintiff also disputes), it may be produced in a judicial proceeding pursuant to a protective order. Objection [#96] at 5 (citing 45 C.R.F. § 164.512(d)(1).

That regulation might support production of HIPPA-protected records under a carefully tailored protective order. It appears to me that the magistrate judge was not provided with supplemental briefing on the issue, despite her invitation to file such briefing, that might have clarified the law on this issue. In any event, plaintiffs have not shown this Court that these addenda are relevant to the issues in this case, even under the liberal standard of Rule 26(b)(1). Accordingly, the Court does not find that the magistrate judge's order was clearly erroneous or contrary to law.

**Miscellaneous**

Defendants' motion for summary judgment on behalf of the non-medical defendants [#97] is 54 pages long and is supported by 14 exhibits containing 139 pages of documents. Plaintiffs' initial response [#110] is a staggering 100 pages long and is supported by 34 exhibits containing 475 pages of documents and their additional response [#125] adds another six pages of briefing and 18 pages of supporting documents. I shudder to think of what the defendants might file in reply if they are not restricted. This is motion practice run amuck.

The Court directs the plaintiffs to file, within seven days, a supplement to their response, not to exceed ten pages in length, that specifically identifies what genuine issues of material fact

exist and what evidence shows that these issues are disputed.  I do not want another index to the excessive response brief, nor do I want case citations or argument.  Just show me, if you can, in simple and plain language each issue of fact that requires a trial and attach <u>one</u> piece of admissible evidence that shows that it is a genuine, material and disputed issue of fact.  The Court directs defendant to file, within seven days after plaintiffs' supplemental filing, a reply, not to exceed ten pages, that explains issue by issue why it is not a genuine, material, and disputed issue of fact.

In a recently filed motion for leave to permit further discovery [#121], plaintiffs state, among other things, that they have not been permitted to depose the two nurses who witnessed portions of the alleged excessive use of force.  Defendants' time to respond has not run, and the Court therefore does not address the motion at this time.  However, regardless of the merits of the plaintiffs' claims against the medical defendants, I can think of no reason why plaintiffs should be precluded from depositions of percipient witnesses to the incident that gives rise to this case.  Therefore, the Court orders defendants to make each of the two nurses available for a deposition, not to exceed one hour of questioning by plaintiffs' counsel of each witness.  The time will be extended to correspond to time taken by defendants with objections or other interruptions (which may be perfectly appropriate but nevertheless eat into plaintiffs' time).  The depositions should be scheduled promptly.  The Court will be available on call to resolve disputes, if any, either concerning the scheduling of these depositions or that occur during the depositions.

No motion or brief may be filed by either party for the remainder of this case that exceeds 10 pages in length without leave of Court.  Leave will be granted only in cases of exceptional

need.  Please do not try to figure out ways to circumvent this requirement.  I have only so much time and patience that I can devote to your motions.

DATED this 6th day of September , 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge